We concur with his Honor in the opinion that the action cannot be maintained in the name of McDowell. In Ferebee v. Saunders, 25 N.C. 360, it was decided that "bond taken by a clerk and master in pursuance of an order of the court, and made payable to him and his successors in office, must, on his death, be sued upon in the name of his personal representatives, there being no act of the Legislature requiring bonds to be made payable to him and his successors in office." *Page 50 
That case is decisive of the present action, and we suppose the attention of the counsel who issued the writ was not called to it. "The treasurer of the trustees of Davidson College" is not a corporation sole, and cannot be made so, except by an act of the Legislature. If there be any clause in the charter of the college having that effect, it should have been offered in evidence to the court. As the bond is payable to Thomas H. Robinson, the suit on it must be in his name, if he is living, or in that of his personal representatives, if he is dead.
PER CURIAM. Affirmed.
(97)